PREGERSON, Circuit Judge,
specially concurring:
I concur in the court’s order.
To set the matter straight, at the time this case was assigned to this panel and at the time we decided it, I owned an equitable interest in Time Warner. Time Warner was not a party to the suit. Unbeknownst to me, Time Warner had an option (never exercised) to purchase up to 19.9% of Warner Music — also not a party to this suit. See David A. Vise, Time Warner Sells Music Unit to Bronfman for $2.6B, Wash. Post, Nov. 24, 2003. Warner Music owns Warner Special Products, not a party to the suit either. See Warner Special Products FAQ’s, available at http://www.warnerspecialpro-ducts.com/wsp/ wcm_help/helpfaq.jsp. As indicated on the allegedly infringing CDs at issue in this case, Warner Special Products manufactured, produced, and licensed music for a division of Madacy, a party to this suit.
In sum, then, I had no interest “however small” in the subject matter in controversy. Instead, I had an interest in a company (a) that had an option to purchase 19.9% of a company (b) that owned a company (c) that manufactured, produced, and licensed music for a corporate division of a party to this suit. Such an indirect interest does not require recusal. See United States v. Bayless, 201 F.3d 116, 127 (2d Cir.2000) (“Disqualification is not required on the basis of remote, contingent, indirect or speculative interests.”) (citations omitted). Indeed, Madacy was not required to list, and did not list, Time Warner or War *871 ner Music on its Federal Rule of Appellate Procedure 26.1 disclosure, which requires the parties to list only parent corporations and corporations that own 10% of the entity’s stock.
Accordingly, I had no financial interest in the subject matter of this suit that required recusal under § 455(b). Nor, given the remote nature of my interest, could my impartiality reasonably have been called into question, and thus recusal is not required under § 455(a).